People v Rivera (2019 NY Slip Op 00393)





People v Rivera


2019 NY Slip Op 00393


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8170 90071/05

[*1]The People of the State of New York, Respondent,
v
Robert Rivera, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Marianne Stracquadanio of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered April 7, 2011, convicting defendant, after a jury trial, of two counts of burglary in the first degree and three counts of robbery in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 35 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). With regard to the burglary convictions, the evidence supports the inference that defendant had no license or privilege to enter the premises at issue. Defendant's challenges to certain robbery convictions are likewise unavailing.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reason provided by the prosecutor for the challenge in question was not pretextual. This finding, based primarily on the court's assessment of the challenging attorney's credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). When the prosecutor stated that the panelist at issue appeared to be favorably disposed toward one of the defense attorneys, the court expressly credited this statement, noting that the prosecutor's seating position allowed him to closely observe the panelist.
The court properly denied defendant's motions for severance of his trial from that of his codefendants (see People v Mahboubian, 74 NY2d 174 [1989]). The defenses were not so irreconcilable as to require separate trials, and the court's jury instructions and other curative actions were sufficient to prevent the various forms of prejudice that defendant claims he was subjected to by the joint trial.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK